UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAWULI K. HORMEKU,

                  Plaintiff,

       -against-

DS 30 MORNINGSIDE MASTER TENANT
LLC,

                 Defendant.

24-CV-8915 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, proceeding *pro se,* has filed a motion requesting preliminary injunctive relief.[1] To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). The Court denies Plaintiff's request for a temporary restraining order because his submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor.

---

[1] By order dated November 26, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis*.

Plaintiff, who is a resident of New York, New York, brings this action under 42 U.S.C. § 1983, alleging that Defendant DS 30 Morningside Master Tenant LLC violated his federal constitutional right to due process. He asks the Court to issue an order preventing Defendant from evicting him.

A claim for relief under Section 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").) Defendant DS 30 Morningside Master Tenant LLC is a private party who is not alleged to work for any state or other government body. Although there are limited circumstances in which a nominally private actor can be deemed a state actor for Section 1983 purposes,[2] providing housing is not one of those circumstances. *See, e.g.*, *George v. Pathways to Hous., Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function' within the meaning of section 1983."). Plaintiff therefore cannot state a Section 1983 claim against Defendant.

Even if Plaintiff could allege facts suggesting that Defendant was a state actor, he is unlikely to succeed on any Section 1983 claim that Defendant evicted him without due process.

---

[2] Those limited circumstances include where (1) the nominally private entity acts "pursuant to the 'coercive power' of the state or is 'controlled' by the state"; (2) the state encourages, or the entity willfully participates, in a joint activity with the state, or the "entity's functions are 'entwined' with state policies"; or (3) the entity "has been delegated a public function by the state." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d. Cir. 2008) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001)).

Plaintiff alleges that state court eviction proceedings have been initiated against him. Those state court proceedings will likely provide him with an adequate remedy to challenge his eviction, as predeprivation proceedings in state court generally provide adequate process, and a plaintiff evicted pursuant to such proceedings cannot allege that he was deprived of his property without due process. *See, e.g.*, *Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 324 (S.D.N.Y. 2012) (noting that a warrant of eviction will issue "only after lengthy state court proceedings in which [a plaintiff is] given ample opportunity to contest . . . the legality of his eviction" ); *see also Pelt v. City of New York*, No. 11-CV-5633, 2013 WL 4647500, at *12 (E.D.N.Y. Aug. 28, 2013) (availability of range of process under New York law to challenge eviction "more than protect[s] against an erroneous deprivation" ).

To the extent Plaintiff seeks to assert state law claims, he does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction to consider those claims. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). "[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). In addition, to establish diversity jurisdiction, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a);

*Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff does not allege that the parties are diverse. He states that he is a resident of the State of New York. While he provides a New York, New York address for Defendant, he does not identify the members of the LLC or allege their states of citizenship. Plaintiff therefore does not allege facts demonstrating that the Court has diversity jurisdiction of his state law claims.

For these reasons, the Court denies Plaintiff's motion for a temporary restraining order. (ECF 4.) This denial is without prejudice to any relief Plaintiff may wish to seek in the appropriate state court forum. The Court will address the complaint in due course.

## CONCLUSION

Plaintiff's motion for a temporary restraining order (ECF 4) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 26, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge