UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAWULI K. HORMEKU,

               Plaintiff,

-against-

DS 30 MORNINGSIDE MASTER TENANT, LLC,

               Defendant.

24-CV-8915 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that his landlord, DS 30 Morningside Master Tenant LLC, violated his federal constitutional rights by attempting to evict him.  By order dated November 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  (ECF No. 9.)  By order, also dated November 26, 2024, the Court denied Plaintiff's motion for a preliminary injunction and temporary restraining order.  (ECF No. 8.)  For the reasons set forth below, the Court dismisses this action and grants Plaintiff 30 days' leave to replead certain claims in an amended complaint.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id*. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id*. at 679.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff was served with an eviction notice that was "fraudulently signed by a [United States Postal Service] employee rather

---

[1] Rule 5.2(a) of the Federal Rules of Civil Procedure restricts the use of a birth date in a complaint to the year of the individual's birth. Because the complaint includes copies of

2

than Plaintiff's personal signature or someone authorized to receive mail on [Plaintiff's] behalf." (ECF No. 1, at 8.) Plaintiff filed a motion, presumably in state court, to contest the eviction on grounds of improper service of process, but "Defendant continued the eviction proceedings." (*Id.* at 9.)

Plaintiff asserts that Defendant violated his right to due process under the Fourteenth Amendment. Although he names only his landlord as a defendant, Plaintiff also states that the actions of "Defendant USPS," which the Court understands to be the United States Postal Service, violated his constitutional rights "in forging signatures and mishandling certified mail." (*Id.*)

In addition to preliminary injunctive relief, which the Court has already denied, ECF No. 8, Plaintiff seeks money damages.

## DISCUSSION

**A.      Constitutional claims against DS 30 Morningside Master Tenant LLC**

Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that Defendant violated his constitutional right to due process when it commenced eviction proceedings against him. To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A Section 1983 claim must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Private parties

---

Plaintiff's driver's license and passport, which contain his full date of birth, the Court has directed the Clerk of Court to limit viewing of those documents to case participants only.

are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Defendant DS 30 Morningside Master Tenant LLC is a private party, and Plaintiff has not alleged that Defendant works for any state or other governmental body. Although there are limited circumstances in which a nominally private actor can be deemed a state actor for Section 1983 purposes,[2] providing housing is not one of those circumstances. *See, e.g.*, *George v. Pathways to Hous., Inc.*, No. 10-CV-9505, 2012 WL 2512964, at *4 (S.D.N.Y June 29, 2012) (Ramos, J) ("It is well established that the provision of low-cost supportive housing is not a 'public function' within the meaning of section 1983."). Plaintiff therefore cannot state a Section 1983 claim against Defendant.

Even if Plaintiff could allege facts suggesting that Defendant was a state actor, he is unlikely to succeed on any Section 1983 claim that Defendant evicted him without due process. Plaintiff alleges that state court eviction proceedings have been initiated against him. Those state court proceedings provide him with an adequate predeprivation remedy to challenge his eviction; a plaintiff evicted pursuant to such proceedings cannot allege that he was deprived of his property without due process. *See, e.g.*, *Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 324 (S.D.N.Y. 2012) (Furman, J.) (noting that a warrant of eviction will issue "only after lengthy

---

[2] Those limited circumstances include where (1) the nominally private entity acts "pursuant to the 'coercive power' of the state or is 'controlled' by the state"; (2) the state encourages, or the entity willfully participates, in a joint activity with the state, or the "entity's functions are 'entwined' with state policies"; or (3) the entity "has been delegated a public function by the [s]tate." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d. Cir. 2008) (per curiam) (quoting *Brentwood Acad.*, 531 U.S. at 296)).

state court proceedings in which [a plaintiff is] given ample opportunity to contest . . . the legality of his eviction" ); *see also Pelt v. City of New York*, No. 11-CV-5633, 2013 WL 4647500, at *12 (E.D.N.Y. Aug. 28, 2013) (Matsumoto, J.) (availability of various processes under New York law to challenge eviction "more than protect against an erroneous deprivation").

The Court therefore dismisses Plaintiff's claims against DS 30 Morningside Master Tenant LLC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**    **United States Postal Service**

Plaintiff does not include USPS as a defendant in the caption to the complaint or in the list of defendants included in the body of the complaint. (*See* ECF 1 at 1, 4.) The complaint does reference "Defendant USPS" and Plaintiff asserts that USPS violated his federal constitutional rights when it claimed that he had signed for documents without his knowledge or consent, and when it "mishandled" certified mail. (*Id.* at 9.) Even if Plaintiff intended to name USPS as a defendant, the Court would be required to dismiss the claims against USPS.

USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. The doctrine of sovereign immunity bars federal courts from hearing suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). As a governmental agency, USPS and its employees are entitled to sovereign immunity. *See Dolan v. USPS*, 546 U.S. 481, 484 (2006).

The Federal Tort Claims Act ("FTCA") provides a waiver of sovereign immunity for certain claims arising from the tortious conduct of federal officers or employees acting within the

5

scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). The Court therefore construes Plaintiff's claims as brought against the United States of America.

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claims. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Specifically, before bringing a damages claim under the FTCA in a federal district court, a plaintiff must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and receiving a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. § 2401(b). A plaintiff may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* 28 U.S.C. § 2675(a). If no final written determination is made by the appropriate federal entity within six months of the date of the plaintiff's filing of the administrative claim, the plaintiff may then bring an FTCA action in a federal district court. *See id.*

To the extent that Plaintiff is able to assert a claim under the FTCA against the United States,[3] the claim cannot go forward because he has not alleged facts demonstrating that he filed

---

[3] Congress has carved out certain exceptions to the FTCA's broad waiver of sovereign immunity. One exception is the "postal matter exception," which preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). The Supreme Court of the United States has construed this provision as retaining immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. Thus, USPS is

an administrative claim for damages with a federal governmental entity and received a final written administrative determination before bringing this action. In addition, Plaintiff has not alleged facts showing that it has been more than six months since he filed such an administrative claim. The Court therefore dismisses any claims Plaintiff may be asserting under the FTCA for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Because Plaintiff is *pro se*, the Court grants Plaintiff 30 days' leave to replead an FTCA claim against the United States in an amended complaint. In this amended complaint, Plaintiff must allege that he has exhausted his administrative remedies.

C.    **Claims under state law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

immune from suit for "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information[.]" *Id*. Because Plaintiff appears to be asserting that a USPS employee forged his signature, not that his mail was lost or did not arrive, the Court assumes for the purposes of this order that the postal matter exception does not bar Plaintiff's FTCA claims.

7

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant self-represented plaintiffs an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to amend his complaint to state a claim against the United States under the FTCA, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Defendant DS 30 Morningside Master Tenant, LLC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff is seeking to sue the United States Postal Service, those claims are dismissed on the basis of sovereign immunity, and therefore, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' leave to replead a claim against the United States under the FTCA.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   May 28, 2025
         New York, New York

                                          /s/ Kimba M. Wood
                                          KIMBA M. WOOD
                                          United States District Judge